# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ADWAR CASTING CO., LTD., a New York
Corporation,

                              Plaintiff,          CIVIL ACTION

                                            Index No.:

                                            **COMPLAINT**
                    -v-                    **(JURY TRIAL DEMANDED)**

STAR GEMS INC., a Georgia Corporation,
ANISH DESAI, an individual,
and Does 1-20,

                              Defendants.
------------------------------------------------------------X

Plaintiff Adwar Casting Co., Ltd., by and through its undersigned attorneys Law Firm of Tedd S. Levine, LLC, alleges as follows:

## PARTIES

1. Adwar Casting Co., Ltd. d/b/a Adwar Casting Co. (hereinafter "Adwar") is a corporation organized and existing under the laws of the State of New York having its principal place of business at 120 S. Long Beach Road, Rockville Centre, NY 11570.

2. Upon information and belief, defendant Star Gems Inc. (hereinafter "Star Gems") is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 3850 Holcomb Bridge Rd., Suite 350, Norcross, Georgia 30092.

3. Upon information and belief, defendant Anish Desai (hereinafter "Desai") is an individual having his principal business address located at 3850 Holcomb Bridge Rd., Suite 350, Norcross, Georgia 30092.

4. Does 1-20 are individuals and business entities whose complete identities are presently unknown to Plaintiff, and, upon information and belief, were and continue to be involved with claims described in this Complaint. When the identities of these parties become known to Plaintiff, those defendants and the acts they engaged in will be described in an amended complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action on the following bases:

   a. Under 28 U.S.C. § 1331, since this action involves questions arising under 17 U.S.C. § 501, 17 U.S.C. § 502, 17 U.S.C. § 503, 17 U.S.C. § 504 and 17 U.S.C. § 505;

   b. Under 28 U.S.C. § 1332, since this action being between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

   c. Under the doctrine of supplemental jurisdiction 28 U.S.C. § 1367, since this action alleges state law violations that are part of the same case or controversy involved with respect to the other claims in this action over which this Court has original jurisdiction.

6. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(2) and (c), since a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York and defendants conduct business in this jurisdiction purposefully availing itself of the benefits herein by, *inter alia*, upon information and belief selling and shipping the infringement products directly into this judicial district, and promoting and selling its products in this judicial district.

7.   The Eastern District of New York has personal jurisdiction over defendants.

## NATURE OF THE ACTION

8.   This action arises under (i) 17 U.S.C. § 501, copyright infringement, and (ii) under New York State and the common law for substantial and related claims.

## FACTS

9.   Adwar is a well-known creator, manufacturer, and distributor of original jewelry products.  Adwar has created and continues to create numerous original works of art that are made into jewelry products.  Since it's formation in 1972, Adwar has been actively marketing and selling its original jewelry products throughout the United States.  Two such works of art are as follows (the "Artwork"):



10. Upon information and belief, Star Gems is a wholesale manufacturer and seller of jewelry products.

11. Upon information and belief, Star Gems sells and distributes its jewelry products to customers throughout the United States and internationally. Upon information and belief, Star Gems markets, sells and ships its jewelry products in this judicial district using its fully interactive website www.stargems.com and through its retail customers.

12. In or about July 2017, Star Gems willfully with bad faith intent to profit and without the consent of Adwar copied the Artwork and began marketing and selling jewelry products using the Artwork (the "Knock-off Products"). Upon information and belief, Star Gems profited from marketing and selling the Knock-off Products. The Knock-off Products are as follows:



4

13.     The Artwork was registered with the United States Copyright office prior to Star Gems marketing and selling the Knock-off Products. The following registration certificate was issued to Adwar covering the Artwork:

| **Copyright Reg. No.** | **Copyright Reg. Date** | **Exhibit** |
|---|---|---|
| VAu 1-287-503 | October 14, 2016 | A |

The copyright registration listed above and attached hereto as Exhibit A (with the relevant deposit materials) is in full force and effect and is owned exclusively by Adwar. Separate applications for registration of the copyrights for each of the works that comprise the Artwork were also filed with the United States Copyright office with the appropriate deposit materials and filing fees.

14.     Substantial similarity exists between the Knock-off Products and the Artwork. The following is a side-by-side comparison of the Artwork and the Knock-off Products:

| The Artwork | The Knock-off Products |
|---|---|
| [image of ring] | [image of ring] |

5

| The Artwork | The Knock-off Products |
|---|---|
|  | |

15. Despite having knowledge of its wrongful activities, Star Gems continues to market and sell products that use artwork that is substantially similar to or otherwise the same as the Artwork and permit its customers to sell the Knock-off Products.

16. At no time did Adwar authorize or sponsor Star Gems' use of any of the Artwork.

17. At no time did Adwar license to Star Gems, expressly or impliedly, any rights to use the Artwork.

18. As a result of Star Gems manufacturing, marketing, and selling products using the Artwork, Adwar lost income and continues to lose income relating to such activities.

19. Upon information and belief, Desai is the principal shareholder and Chief Executive Officer of Star Gems. Prior to Star Gems infringing the Artwork, Desai has been responsible for the day-to-day corporate and administrative responsibilities of Star Gems and was and continues to be accountable for making all important business

6

decisions for Star Gems, including those involving what artwork is used in connection with the products Star Gems manufactures, markets, and sells.

20. Desai is a contributory infringer of the Artwork since he (1) had and continues to have knowledge of Star Gems' infringing activity in the Artwork, and (2) induced, caused, and materially contributed to said infringing conduct of Star Gems. In addition, Desai had and continues to have the right and ability to control the infringing activity of Star Gems, and had and continues to have a direct financial interest in that activity.

### COUNT I- COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
### (Star Gems)

21. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 20 above as if fully set forth herein.

22. Defendants' use of the Artwork constitutes infringement pursuant to 17 U.S.C. § 501.

23. Such conduct on the part of defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

24. Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiff in an amount far in excess of $75,000.

### COUNT II- CONTRIBUTORY COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
### (Desai)

25. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant Star Gems' use of the Artwork constitutes infringement pursuant to 17 U.S.C. § 501.

27. Defendant Desai had and continues to have knowledge of Star Gems' infringing activity using the Artwork. Defendant Desai induced, caused, and materially contributed to Star Gems' infringing conduct. Defendant Desai continues to induce, cause, and materially contribute to Star Gems' infringing conduct.

28. Desai had and continues to have the right and ability to control the infringing activity of Star Gems, and had and continues to have a direct financial interest in that activity.

29. Such conduct on the part of Desai has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

30. Such conduct on the part of Desai has caused and will continue to cause damages to Plaintiff in an amount far in excess of $75,000.

### COUNT III - COMMON LAW
### UNFAIR COMPETITION
### (Star Gems)

31. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 30 hereof as if fully set forth herein.

32. By reason of the foregoing, Star Gems has engaged, and is continuing to engage, in acts of unfair competition in violation of the common law.

33. Such conduct on the part of defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

34. Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiff in an amount far in excess of $75,000.

## COUNT IV - UNJUST ENRICHMENT
### (Star Gems and Desai)

35. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 34 hereof as if fully set forth herein.

36. Star Gems and Desai have failed to pay Plaintiff sufficient compensation on products they developed and sold using the Artwork and/or works of art derivative of the Artwork.

37. By reason of Star Gems' and Desai's conduct, Star Gems and Desai have been unjustly enriched and are indebted to Plaintiff for using the Artwork and/or works derivative of the Artwork.

38. Such conduct on the part of defendants has caused and will continue to cause damages to Plaintiff in an amount far in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

1. Permanently enjoining and restraining Star Gems, its officers, directors, principals, servants, employees, customers, successors and assigns, and all those in active concert or participation with them, including, but not limited to Desai from:

    (a) imitating, copying or making unauthorized use of the Artwork;

    (b) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any work that is a simulation, reproduction, copy, or colorable imitation of the Artwork;

9

(c) engaging in any other activity, including the effectuation of assignments or transfers of their interests in simulations, reproductions, copies, counterfeits or colorable imitations of the Artwork, as well as the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(a) and 1(b) above;

(d) making any statement or representation whatsoever, with respect to the Artwork, that falsely designates the ownership or is misleading in any way; and

(e) engaging in any other activity constituting unfair competition with regard to the Plaintiff, and/or any products that use the Artwork, or Plaintiff's right to use or exploit the Artwork, and the reputation and the goodwill associated with Adwar and its works of art.

2. Directing such other relief as the Court may deem appropriate to prevent the unauthorized use of works of art created by Adwar, including the Artwork.

3. Directing that defendants deliver for destruction all products, labels, prints, signs, packages, dies, wrappers, receptacles and advertisements in their possession, custody or control bearing works of art created by Adwar, including all works of art derivative of works of art created by Adwar, patterns, plates, molds, matrices and other means of making simulations of products using such works of art.

4. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product offered for sale, sold or otherwise circulated or promoted by Star Gems is authorized by

Plaintiff, or related to or associated in any way with Plaintiff.

5. Requiring defendants to account and pay over to Plaintiff all profits realized by (a) their infringement and counterfeiting of the Artwork, and (b) that these illicit profits be trebled since they were generated willfully by defendants.

6. Awarding Plaintiff damages representing three times the amount of Plaintiff's actual damages incurred by reason of the facts and occurrences alleged herein.

7. In the alternative, subject to Plaintiff's election, defendants to pay Plaintiff the maximum amount of statutory damages as a result of defendants' willful infringement of the Artwork.

8. Awarding Plaintiff consequential and other damages to be determined.

9. Awarding Plaintiff its costs and reasonable attorneys', and expert witness and investigating fees, together with pre-judgment interest.

10. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
October 27, 2017

                                Respectfully submitted,

                                LAW FIRM OF TEDD S. LEVINE, LLC
                                Attorneys for Plaintiff

By: _____
                                Tedd S. Levine, Esq. (TL 0158)
                                1305 Franklin Avenue, Suite 300
                                Garden City, NY 11530
                                email: lawofficesofteddslevine@gmail.com
                                Tel: (516) 294-6852
                                Fax: (516) 294-4860