

*939 Burke Street*
*Winston-Salem, NC 27101*
*336.723.5180 tel*
*336.723.5181 fax*

*Rodrick J. Enns*
*renns@ennsandarcher.com*

*March 7, 2018*

**Submitted electronically via ECF**

Judge Denis R. Hurley
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Adwar Casting Co. Ltd. v. Star Gems, Inc. et al.*, No. 2:17-cv-06278-DRH-SIL, EDNY

Dear Judge Hurley,

    We represent Star Gems, Inc. and Anish Desai, the defendants in the above-referenced action. We write in response to the letter from Plaintiff's counsel to Your Honor dated February 28, 2018, which we assume was sent pursuant to ¶ 3.B. of the Court's Individual Practice Rules. Defendants respectfully oppose Plaintiff's request "to conduct limited jurisdictional discovery" in this case.

    As the Court is aware, Defendants were granted leave to file their Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction by Order dated January 23, 2018. Defendants' moving papers were served on February 23, 2018. Pursuant to the schedule ordered by the Court, full briefing will be complete and filed with the Court by April 10, 2018.

    Plaintiff's counsel states in part (Feb. 28 letter at 1), "Defendants' motion papers allege they have no contact with the State of New York…" That is incorrect. As the Court will see when the motion papers are filed, Defendants have made no such assertion, nor need they do so. The question is not whether Defendants have no contact with New York, it is whether Defendants have contacts with New York sufficient to support the exercise of personal jurisdiction.

    They do not, as a review of the bullet-pointed list of "evidence" in Plaintiff's counsel's letter (at 1-2) confirms. None of the documents show that Star Gems, Inc. is incorporated in or has its principal office in New York, or that Mr. Desai meets any of the

Judge Denis R. Hurley
March 7, 2018
Page 2

narrow tests for the exercise by a New York court of general jurisdiction over an individual.

With respect to specific jurisdiction, while Plaintiff's exhibits show certain activities by Defendants directed toward New York, none give rise to Plaintiff's cause of action. The vast majority either long predate the July 2017 onset of the infringing conduct alleged in the Complaint, or specifically relate to non-infringing products such as loose diamonds, diamond earrings, and wedding bands. The sole document having any relation to Plaintiff's infringement allegations, labeled "Exhibit E," consists of a Facebook post having no connection with New York whatsoever, nor has Plaintiff alleged otherwise.

In other words, Plaintiff has neither alleged nor forecasted a non-frivolous basis to believe that facts exist to support jurisdiction. Discovery is not warranted in such circumstances. *See, e.g., Daval Steel Prods., Div. of Francosteel Corp. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989) ("The mere commencement of a lawsuit, without the support of a threshold showing of jurisdictional prerequisites, should not entitle the party to use the court processes to attempt to find support for having commenced the litigation. That should have been done before the litigation began.").

We therefore respectfully advise that Defendants intend to oppose any motion or other request by Plaintiff for discovery. Should the Court deem it appropriate, we are available for a pre-motion conference at the Court's convenience.

Very truly yours,

Rodrick J. Enns
admitted *pro hac vice* 2/16/2018

cc:     Tedd S. Levine, Esq.
        Mario Aieta, Esq.
                both via email